IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Q███ H., by and through her Parent, Regan H., of Scranton, PA  :  :  :  :       Plaintiffs  : V.  : SCRANTON SCHOOL DISTRICT  : 425 N. Washington Avenue  : Scranton, PA  :  :       Defendant  : | Civil Action  No.: |

**COMPLAINT**

**I.   Preliminary Statement**

1. This action is brought by Q███ H., a minor child with disabilities, and her Parent, Regan H. (collectively referred to as "Plaintiffs" or the "Family"), against Defendant, Scranton School District (the "Defendant" or the "District"). Plaintiffs bring this action pursuant to the Individuals with Disabilities Education Act ("IDEA"), 42 U.S.C. §1400 et seq. and its federal and state implementing regulations; Section 504 of the Rehabilitation Act of 1973 ("Section 504"), 29 U.S.C.A. §794, and its federal and state implementing regulations; the Americans With Disabilities Act of 1990 ("ADA"), 42 U.S.C. §12101, et seq., and its federal and state implementing regulations; and Chapters 14 and 15 of the Pennsylvania Code.

2. This case concerns, *inter alia,* whether the school district failed in its Child Find obligation for this Student with both a speech and language impairment and other health

1

impairment under the Individuals with Disabilities in Education Improvement Act of 2004 ("IDEA") Both issues are a violation of IDEA and FAPE.

3. Q▇ H.'s Parent, on behalf of Q▇ H., initiated an administrative special education due process proceeding seeking compensatory education for the failure to adequately develop an Evaluation Report and Individualized Education Program ("IEP") violating IDEA Section 504, Child Find, and FAPE. The Parent claims the District failed in its Child Find duty to identify the Student earlier than it did, January, 2024, when the District completed an Evaluation at the request of the Parent.

4. Following the Evaluation in January, 2024, specialized education services were recommended in speech and language and other health impairment (anxiety and inattention). The psychologist recommended further testing regarding a determination of a Specific Learning Disability. An IEP was implemented on February 28, 2024.

5. Following an evidentiary hearing in a decision dated July 23, 2024, the Special Education Hearing Officer Michael J. McElligott, Esquire denied the Child-Find issue as to the District. This Decision is legally incorrect for a number of reasons and should be revised with an award on behalf of the family.

6. The Hearing Officer incorrectly found that the District did not fail in its' Child-Find duty as to Speech and Language articulation. The January, 2024 Evaluation included a Speech and Language Evaluation noting articulation needs and receptive and expressive language needs by the speech pathologist. Despite this, every District witness who worked with the Student testified that they did not notice any articulation needs. These speech and language needs have been present since Kindergarten.

7. The Hearing Officer further erred in denying the Family's request for an award given that the District failed to allow an evaluation prior to Response to Intervention/Multitiered

System of Support ("RTI/MTSS"). All teachers testified they could not ask for an evaluation prior to use of MTSS. If the District had evaluated, this Student would have been identified by the District much earlier. The Parent would not have had to request an Evaluation be completed. Further, in the beginning of 2nd grade, parent, in Nurse's Notes, requested services and indicated these had been previously requested. See attached Exhibit "**A**" – Medical Emergency Card dated September 10, 2023. Parent and Grandparent testified they had asked for Evaluations as early as Kindergarten. The attached Exhibit "**A**" supports this testimony and was overlooked by the Hearing Officer.

        8.      The District psychologist's portion of the Evaluation Report of January, 2024 is very clear regarding the Student's Other Health Impairment (anxiety and inattention). The psychologist's recommendations can be summarized by stating that the Student needs targeted special education services and specialized instruction across the curriculum. Unfortunately, the psychologist was unavailable for testimony at the Hearing of June 26 and 27, 2024, and this testimony is necessary and requested in the Federal proceeding.

        9.      Therefore, through this action, the Family seeks reversal of the Hearing Officer's Decision, an award of Compensatory Education for the District's failure to identify the speech and language articulation and receptive and expressive needs of the Student, the Student's OHI, failure to evaluate prior to MTSS intervention, and failure to evaluate when the Parent so requested per the Medical Emergency Card (Exhibit "**A**") filled out by the Parent and Grandparent prior to that request, and other appropriate relief.

**II.**    **Parties**

        10.     Q███ was born in 2016, and was at all relevant times a resident of the District. Regan H. is Q███'s Parent, and at all relevant times has resided with her in the District.

        11.     Scranton School District is located at 425 N. Washington Avenue, Scranton,

Pennsylvania. The District is the recipient of several sources of federal funds and is an educational agency designated by Pennsylvania law and the Pennsylvania Department of Education for the provision of educational services to individuals residing within its boundaries; such services include those mandated under IDEA as well as Pennsylvania's statutory/regulatory scheme concerning young children with disabilities. 11 P.S. §875-101; 22 Pa. Code §§14.131 to 14.133; see also, e.g., 24 P.S. Chapter 13; and 22 Pa. Code Chapters 14 and 15.

### III. Jurisdiction and Venue

12. This Court has original jurisdiction over this appeal pursuant to 28 U.S.C. §1331 because this case raises federal questions under IDEA, Section 504, and the ADA.

13. Plaintiffs have exhausted their administrative remedies where required under 20 U.S.C. §1415 (i), having timely pursued a Special Education Due Process Hearing.

14. The Family's claims and remedies are authorized by 20 U.S.C. §1415, and under 28 U.S.C. §§2201 and 2202, providing for declaratory and any further relief deemed necessary and proper.

15. All of the Defendant's actions complained of herein have taken place within the jurisdiction of the United States District Court for the Middle District of Pennsylvania. Venue is appropriate in this District pursuant to 28 U.S.C. §1391.

### IV. Additional Facts Supporting Liability

16. Q▇ is identified as a student with a disability and is eligible for special education services.

17. Q▇ is enrolled in the Scranton School District and on or about January 30, 2024, was evaluated for special education services. This Evaluation was requested by the Parent in November, 2023. Q▇ qualified for special education services in the areas of Speech and

Language and Other Health Impairment

18. On or about February 27, 2024, the IEP team crafted an Individualized Education Program. On or about February 28, 2024, the IEP was instituted.

19. The Hearing Officer found that the District did not fail in its Child-Find obligation to the Student.

20. Although the District did finally evaluate the Student and provide services, the Student had been failing across the curriculum since Kindergarten. The Parent had requested that the Student be retained in Kindergarten, but the Student was promoted to 1st grade, despite all subjects being graded at below basic or not evaluated. Acadience scores are all well below basic. During the fall of 1st grade, the Parent requested the Student be placed back in Kindergarten, the District refused. The District also failed to evaluate the Student as requested by the Parent and Grandparent.

21. At the end of 1st grade, the Student again was failing across the curriculum, was below basic in all subjects and was promoted to 2nd grade. Again, Acadience scores were well below basic. This violated District policy on promotion/retention. See Exhibit "**B**" – Promotion/Retention Policy. Also, the District did not refer the student for an Evaluation despite the Parent's and Grandparent's requests.

22. On June 26 and 27, 2024, a Due Process Hearing was held at the Scranton School District on this matter. Parent and Grandmother testified and District witnesses testified.

23. Although Parent and District agree that the Student had excessive absenteeism, the District failed in evaluating the Student's needs both in Speech and Language and Other Health Impairment, which violated FAPE and IDEA. The District failed to evaluate the Student despite the parent's requests. See Exhibit "**A**" – Medical Emergency Card and testimony of Parent and Grandparent.

24. The Hearing Officer entirely discounted the testimony of District witnesses regarding the student's need for Speech and Language articulation services, with the exception of the Speech and Language pathologist's testimony and the neutral assessment-driven identification of the student's concrete articulation needs through the pathologist's evaluation. Every District witness who worked with the Student testified that they did not notice any articulation needs, which is inexplicable. The Grandmother testified to the Speech and Language articulation needs and was found credible by the Hearing Officer. See Exhibit "C" – July 23, 2024 Final Decision and Order of Hearing Officer; See Paragraphs 6 and 46 of Findings of Fact. This was a clear denial of FAPE.

25. Further, regarding Other Health Impairment (anxiety and inattention), during the Evaluation, District witnesses who worked with the Student, 'made mention of her inattention, not being capable of the work Student was tasked with, not knowing her entire alphabet at the beginning of 2nd grade, struggles to put sounds together to form three letter CVC words, struggles to identify numbers to 100, cannot read….'. Despite this, the District failed to evaluate and instead used MTSS.

26. District witnesses testified that the Student was not referred for a Special Education Evaluation because the Student needed to be referred to the MTSS program first, prior to being evaluated for special education services. District witnesses testified that students were to be referred to MTSS first. Once it was determined that a student needed further assistance, then a student would be referred for a special education evaluation. This constitutes a denial of IDEA and FAPE.

27. Given all of the above, the District's policy on promotion/retention, and the District's grade-placement policy, the District continued to slavishly promote the Student from Kindergarten to 1st grade, from 1st grade to 2nd grade, and now promoted the Student from 2nd

grade to 3rd grade. The promotions from Kindergarten to 1st grade and 1st grade to 2nd grade, without ability to read or count past 50, with high absenteeism, constituted a Child Find violation due to failure to evaluate.

28. Parent and Grandparent testified they asked for the Student to be evaluated in Kindergarten, 1st and 2nd grades. The note on the Medical Emergency card, Exhibit "**A**", where Parent again asks the District for services, supports this testimony and should allow a Child Find Award.

V.  **Statutory Authority**

29. The purpose of the IDEA is to ensure that "all children with disabilities have available to them a free and appropriate public education that emphasizes special education and related services designed to meet their unique needs and prepare them for further education, employment, and independent living." 20 U.S.C. §1400 (d)(1)(A). IDEA and the regulations thereunder, 34 C.F.R. §300.100 et. seq., and 22 Pa. Code Chapter 14, requires that public school districts provide disabled children with a FAPE, as well as provide extensive due process procedures to effectuate that right.

30. Pursuant to these statutes and regulations, school districts have a continuing obligation to properly evaluate students and provide special education services to meet their unique needs.

31. The Student was not evaluated in a timely manner and was only evaluated when the Parent requested the evaluation, despite Parent and Grandparent requests prior to the 2nd grade request. The Parent requested the testimony of the School Psychologist on the Child Find issue.

32. The IDEA clearly requires an independent review of the administrative decision and permits a court to grant the relief sought by Plaintiffs, since the statute expressly endows

courts with broad authority to grant "such relief as the court determines is appropriate." 20 U.S.C. §1415 (i)(2)(A); 34 C.F.R. §300.516 (c)(3). The IDEA further provides that federal courts hearing such matters "shall hear additional evidence at the request of a party." 20 U.S.C. §1415 (i)(2)(C)(ii). Parent specifically requests the testimony of the School Psychologist in this matter.

WHEREFORE, the Plaintiffs respectfully request that this Court:

1. Assume jurisdiction over this action;

2. Hear additional evidence as appropriate pursuant to 20 U.S.C. §1415 (i)(2)(C)(ii).

3. Reverse the decision of the Hearing Officer to the extent that it failed to find that the District failed to offer Q█████ FAPE starting with Q█████'s speech and language articulation and expressive/receptive language needs, Q█████'s health impairments of anxiety and inattention, and high absenteeism and award a Child Find.

4. Order the District to pay Plaintiffs their reasonable attorney's fees and related costs;

5. Declare the District's actions and omissions to be violative of IDEA, Section 504, the ADA, and Pennsylvania law; and

6. Grant such other relief as this Court deems proper.

Respectfully Submitted:

Date: 9/24/2024

JOHN J. MINORA, ESQUIRE
Attorney ID#: 41635
700 Vine Street
Scranton, PA 18510
Phone: 570-961-1616
Attorney for Parent

8