IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Q.H., by and through her parent, REGAN H., | : | No. 3:24cv1620 |
| Plaintiff | : | (Judge Munley) |
| v. | : | |
| SCRANTON SCHOOL DISTRICT, Defendant | : | |

## MEMORANDUM

Plaintiff Q.H., by and through her parent Regan H., asserts claims in this action pursuant to the Individuals with Disabilities Education Act, 20 U.S.C. § 1400, *et seq.* ("IDEA").[1] Under the IDEA, "schools must: (1) identify children in need of special education services (Child Find); and (2) provide a [free appropriate public education ("FAPE")] to disabled students." D.K. v. Abington Sch. Dist., 696 F.3d 233, 244 (3d Cir. 2012).

Based upon provisions of the IDEA, the plaintiff filed a due process complaint against Defendant Scranton School District relating to Child Find and denial of FAPE and requested a hearing before a state special education hearing officer. After two days of testimony in June 2024, the hearing officer determined

---

[1] On January 28, 2025, the parties executed a stipulation authorizing plaintiff to withdraw her claims asserted under Section 504 of the Rehabilitation Act and the Americans with Disabilities Act. (Doc. 24).

that the district met its obligations to the student. (Doc. 19-3). This action followed.

Before the court is a request by plaintiff to supplement the administrative record with additional evidence. (See Doc. 5, Compl., ¶ 8; Doc. 21, Pl. Br. in Supp.). Specifically, plaintiff seeks the testimony of a school psychologist who conducted cognitive and behavioral testing of Q.H. (Id.) Defendant Scranton School District opposes the request. After a dispute over additional testimony arose at the case management conference, the issue has been briefed by the parties and is ripe for disposition.

**Background**

Regan H. enrolled Q.H. in the Scranton School District in kindergarten. (Id. ¶ 27). Q.H. is now in third grade. (Id. ¶ 28). In this action, Regan H. asserts that the district failed in its obligations to identify special education needs for Q.H. despite the student's speech and language impairments that were demonstrable since enrollment. (Id. ¶¶ 2, 6, 20). Regan H. contends that she requested an evaluation multiple times during Q.H.'s first years in the district. (Id. ¶¶ 20-21, 28). Q.H. ultimately received an evaluation and began receiving special education services while in Second Grade. (Id. ¶¶ 17-18).

Plaintiff asserts that the testimony of Anita O'Brien, a school psychologist, is necessary to present her case. Review of the administrative record reveals

that O'Brien conducted cognitive and behavioral testing of Q.H. in December 2023 and her findings make up a significant portion of the child's evaluation report. (Doc. 19-7, S-25). Various portions of the evaluation report were considered by the special education hearing officer in his decision. (See Doc. 19-3, Findings of Fact ¶¶ 35–49 & p. 20, n. 6). The hearing officer, however, did not consider any testimony from O'Brien because she was unavailable at the time of the hearing. (Doc. 19-4, Hearing Trans ("H.T."), 06/27/2024, Vol. III, 422:18–425:7). Moreover, the hearing officer denied plaintiff's request to leave the record open for O'Brien's testimony. (Id. 424:4-13). Instead, the hearing officer indicated that the evaluation report spoke for itself and that he would be considering the report in its entirety for the purposes of his determination. (Id. 426:18–427:8).

Per plaintiff, due process principles mandate that O'Brien be questioned about the Child Find issues in this case that are not immediately apparent from the face the evaluation report. (See Doc. 21, Pl. Br. in Supp. at 3 5). Plaintiff asserts that O'Brien's testimony can shed light on the issues in the case. (Id. at 4). The district counters that the hearing officer reached his conclusion as a matter of law and that O'Brien's testimony "would not and could not affect the outcome of the [hearing officer's] Decision." (Id. at 5).

**Analysis**

Pursuant to the IDEA, "[any] party aggrieved by the findings and decision" of state administrative proceedings may bring suit in "any…district court of the United States without regard to the amount in controversy." 20 U.S.C. § 1415(i)(2)(A). In such an action, a court "(i) shall receive the records of the administrative proceedings; **(ii) shall hear additional evidence at the request of a party**; and (iii) basing its decision on the preponderance of the evidence, shall grant such relief as the court determines is appropriate." 20 U.S.C. § 1415(i)(2)(C)(emphasis added).

Nonetheless, in addressing the parties' arguments for and against supplementing the administrative record with the testimony of O'Brien, the court is cognitive of the "nontraditional" standard of review in this matter. See D.S. v. Bayonne Bd. of Educ., 602 F.3d 553, 564 (3d Cir. 2010). "This standard, known as modified *de novo* review, requires the court to consider the factual findings from the administrative proceedings to be *prima* facie correct and, if the court fails to adopt those findings, it must explain its reasons for departing from them." Le Pape v. Lower Merion Sch. Dist., 103 F.4th 966, 976, n. 3 (3d Cir. 2024)(citations, internal quotation marks, brackets, and ellipses omitted)). Put another way, "a district court gives 'due weight' and deference to the findings in the administrative proceedings." P.P. ex rel. Michael P. v. W. Chester Area Sch.

4

Dist., 585 F.3d 727, 734 (3d Cir. 2009) (quoting Bd. of Educ. of Hendrick Hudson Cent. Sch. Dist., Westchester Cnty. v. Rowley, 458 U.S. 176, 206 (1982)). "The 'due weight' obligation prevents district courts from imposing their own view of preferable educational methods on the states." D.S., 602 F.3d at 564 (3d Cir. 2010)(citations omitted). Where the court hears additional evidence, however, "it is 'free to accept or reject the agency findings depending on whether those findings are supported by the new, expanded record and whether they are consistent with the requirements of the Act.'" S.H. v. State-Operated Sch. Dist. of City of Newark, 336 F.3d 260, 270 (3d Cir. 2003)(quoting Oberti by Oberti v. Bd. of Educ. of Borough of Clementon Sch. Dist., 995 F.2d 1204, 1220 (3d Cir. 1993)).

In turn, admission of additional evidence is left to the discretion of the trial court. D.K., 696 F.3d at 253. "While a district court appropriately may exclude additional evidence, a court must exercise particularized discretion in its rulings so that it will consider evidence relevant, non-cumulative and useful in determining whether Congress' goal has been reached for the child involved." Susan N. v. Wilson Sch. Dist., 70 F.3d 751, 760 (3d Cir. 1995).

The Scranton School District opposes taking O'Brien's testimony, arguing that the hearing officer reached his decision as a matter of law. (Doc. 22, Def. Br. in Supp. at 2-3). The hearing officer concluded, however, that:

5

> Even at this juncture, it is impossible to untangle the student's lack of age-normed or grade-normed achievement from the impact of absenteeism. The student has missed, without excuse, nearly a third of the instructional days from kindergarten through 2nd grade (not including time missed for excused absences and tardiness). There is simply no way to fault the District for any failure of its child-find obligation. And, ultimately, it accurately identified the student's needs for support related to the health impairments of anxiety and inattention, and related to [speech and language] articulation and expressive/receptive language needs. Thus, there is no denial of FAPE regarding child-find.

(Doc. 19-3, pp. 20–21).

The above determination is based on facts in the administrative record. Per the hearing officer, the Scranton School District could not identify the special education needs of Q.H. any sooner because the student missed extensive time from school. Inherent in that conclusion is agreement with school district witnesses that absenteeism prevented earlier notice that the child needed special education services.

As for O'Brien's role in the matter as school psychologist, she observed the student and administered cognitive and behavioral testing. She reported her observations, explained the testing components and results, and reached conclusions. Portions of O'Brien's psychological evaluation include test responses from Regan H. and Q.H.'s second grade teacher. Such testimony related to those matters is quite relevant to this case.

6

As for whether O'Brien's testimony would be cumulative, O'Brien did not testify previously. The hearing officer only considered the four-corners of her report. The plaintiff thus includes several questions that she wishes to ask O'Brien. Many of these proposed questions address the "when" component of this case, i.e., whether O'Brien's findings would support the plaintiff's position that Q.H. should have been evaluated for special education services much sooner. For example, O'Brien may be able to shed light on whether Q.H.'s particular educational needs would be discernible even prior to formal testing. Those matters are not addressed in O'Brien's portions of the evaluation report.

"Controlling Third Circuit precedent favors the admission of relevant and non-cumulative evidence necessary for the district court to consider in deciding whether a child has been provided with a FAPE." M.C. by & through Conyers v. Sch. Dist. of Philadelphia, 393 F. Supp. 3d 412, 419 (E.D. Pa. 2019). The court agrees with plaintiff that O'Brien's testimony is relevant, non-cumulative, and useful in this action. Accordingly, plaintiff's request to supplement the administrative record with O'Brien's testimony will be granted.

**Conclusion**

For the reasons set forth above, plaintiff will be permitted to present the testimony of the school psychologist in this matter. Based upon this ruling, the parties will be directed to meet and confer within the next fourteen (14) days and

provide a joint status report as to how such testimony will proceed. An appropriate order follows.

Date: 2/6/25

JUDGE JULIA K. MUNLEY
United States District Court